*E-Filed: April 16, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEATHER BROOKSBANK,<br><br>    Plaintiff,<br>  v.<br><br>PRIVATE CAPITAL GROUP, LLC; and DOES 1-20 inclusive,<br><br>    Defendants. | No. C13-02667 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket No. 48]** |

Plaintiff Heather Brooksbank sues Private Capital Group ("PCG") for breach of contract and fraud arising from PCG's selling her house at a trustee's sale instead of allowing her to pursue the "short sale" option pursuant to their alleged agreement. PCG removed the case and now moves to dismiss Brooksbank's complaint for failure to state a claim upon which relief can be granted. Brooksbank opposes the motion. Based on the moving and responding papers, as well as the arguments of counsel at the hearing on April 15, 2014, the Court grants in part and denies in part PCG's motion.

## BACKGROUND

Brooksbank was in default on her mortgage by May 2009. On May 1, PCG (or a representative thereof) called to discuss her options with respect to her default, including PCG's "short sale" program. On May 8, Brooksbank called PCG to accept the "short sale" offer. Among other things, Brooksbank was told to enlist a real estate agent to fax PCG a marketing plan and

listing agreement before the date of the scheduled trustee's sale.  Plaintiff agreed to fulfill the requirements and was told she would receive a letter in the mail.  Shortly thereafter, Brooksbank received a "written offer" from PCG to take advantage of the short sale program.  The offer letter provided that Brooksbank must list the property for sale at market value, be available for any showings, keep the property reasonably clean, maintain the yard, and pay $821.68 per month to cover the cost of taxes and insurance on the property.  In return, PCG will pay Brooksbank 5% of the net sale proceeds and forgive any remaining debt.  Brooksbank called PCG and accepted the offer.  She hired a real estate agent and complied with all of PCG's requirements.  Regardless, PCG sold her home at the Trustee's Sale on May 21, 2013, causing her to lose over $300,000 in equity she had in the home.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant.  *Id.*  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, only plausible claims for relief will survive a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*

2

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1997 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

A. Breach of Contract

"A [claim] for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damage to plaintiff." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010). PCG argues that Brooksbank has not adequately pled any element.

1. Existence of a Contract

"An essential element of any contract is the consent of the parties, or mutual assent." *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 270 (2001) (citing Cal. Civil Code §§ 1550(2), 1565(2)). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." *Id.* at 270-71. "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it. The determination of whether a particular communication constitutes an operative offer, rather than an inoperative step in the preliminary negotiation of a contract, depends upon all the surrounding circumstances. The objective manifestation of the party's assent ordinarily controls, and the pertinent inquiry is whether the individual to whom the communication was made had reason to believe that it was intended as an offer." *Id.* at 271.

Brooksbank alleges that the letter was a written offer that she orally accepted.[1] PCG argues that the letter is merely an invitation to discuss alternatives to foreclosure and that it never consented to be bound by an agreement. For example, the letter indicates that Brooksbank "may qualify for a Short Sale" and asks her to "[p]lease contact us at 1-877-776-0006 or sign and return this form to us . . . and we will call you to discuss the program." On the other hand, Brooksbank points to excerpts which urge her "to take advantage of [the] short sale offer." Moreover, the letter contains definite and certain terms, which Brooksbank believed she had the power to accept.

The letter itself is ambiguous as to whether it was an offer or merely an invitation to discuss alternatives to foreclosure, and the determination will ultimately depend on the surrounding factual circumstances. At his point, Brooksbank has adequately alleged that it was objectively reasonable for her to believe that the letter constituted an offer to participate in the short sale program, which she accepted, thereby creating a valid contract. Accordingly, she has adequately pled the existence of a contract.

2. Plaintiff's Performance or Excuse for Nonperformance

PCG asserts that Brooksbank failed to adequately allege that she performed as required by the purported agreement. She ambiguously alleges that she "accepted by verbally agreeing to its terms and fully performing," but she fails to specifically allege that she immediately called or signed and returned the form to PCG, or that she paid the monthly tax and insurance installment. However, the FAC does specifically allege that "[u]pon receiving Defendant's written offer . . . Plaintiff called Defendant and accepted the offer . . . ." FAC at ¶ 12. Moreover, as PCG itself points out, while excuses for nonperformance must be specifically pled, a general allegation of full performance is sufficient. *Durell*, 183 Cal. App. 4th at 1367-68. Thus, the Court is satisfied that Brooksbank has adequately pled the performance of her obligations under the alleged contract.

3. Defendant's Breach

Brooksbank alleges that PCG breached the contract by selling her home at the Trustee's Sale instead of allowing her to pursue a short sale as agreed. PCG argues that it its only obligation was to discuss options with Brooksbank if she contacted them. However, as discussed above, that

---

[1] Brooksbank concedes PCG's assertion that a verbal agreement is time-barred and proceeds on a theory of a written contract only.

argument has been rejected. Thus, the Court finds that Brooksbank has adequately pled PCG's breach.

4. Damages

Brooksbank alleges that she had over $300,000 in equity in her home, which was lost as a result of her home being sold at the Trustee's Sale. PCG asserts that there was no equity in the home because, as defined in the purported agreement, "a short sale is an agreement between you and the mortgage company to satisfy your loan for less than the total amount owed on the mortgage." However, at this stage the court assumes the truth of Brooksbank's allegations, and while the alleged contract appears to anticipate that the house will sell for less than is owed, it is not stated as a condition precedent to the validity of the offer. Additionally, the court can infer from Brooksbank's well pled facts that she did not receive her alleged expectancy of 5% of the net proceeds from the short sale or forgiveness of the balance of her debt if in fact the home sold for less than what was owed, and that she also allegedly suffered reliance damages by performing her obligations under the contract. Accordingly, the Court finds that Brooksbank sufficiently pled damages.

Having found that Brooksbank's First Amended Complaint adequately pleads the necessary elements of breach of contract, PCG's motion to dismiss is denied with respect to Brooksbank's first claim for relief.

B. Fraud

"A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000). Brooksbank's second claim for relief alleges that PCG fraudulently misrepresented that if she listed her property for sale at fair market value, was available for showings, maintained the property and yard, and covered the taxes and insurance, then PCG would pay her 5% of the net proceeds of the sale and forgive any remaining debt. Brooksbank has merely restated the terms of the alleged contract, which is generally prohibited, and does not argue than any exception applies. Thus, her second claim for relief is dismissed without leave to amend.

Accordingly, PCG's motion to dismiss is granted in part and denied in part.[2]

**IT IS SO ORDERED.**

Dated: April 16, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] PCG also requests judicial notice of several loan-related documents as well as Brooksbank's original complaint. However, because these documents were not considered in deciding this motion, the request for judicial noticed is denied as moot.

**C13-02667** N**otice will be electronically mailed to:**

Andrew Michael Oldham     aoldham@landcounsel.com

Avi Noam Phillips      aphillips@wrightlegal.net, spolin@wrightlegal.net

Magdalena Chattopadhya      magdalena@magdalenalg.com

T. Robert Finlay      rfinlay@wrightlegal.net, ggrant@wrightlegal.net

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**